## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## SAINT LOUIS DIVISION

| | |
|---|---|
| DAVID L. WILSON, individually and on behalf of similarly situated individuals, | CIVIL COMPLAINT |
| Plaintiff(s), | |
| | CASE NO. 4:20-cv-00812 |
| v. | |
| TERMINIX INTERNATIONAL COMPANY, L.P., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## CLASS ACTION COMPLAINT

NOW comes DAVID L. WILSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of TERMINIX INTERNATIONAL COMPANY, L.P. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this Class Action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq*., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri a subtotal portion of the events that gave rise to this action occurred within the Eastern District of Missouri.

**PARTIES**

4.    Plaintiff is a consumer over 18 years-of-age residing within the Eastern District of Missouri.

5.    Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.    Defendant is one of the largest pest control companies in the world. Defendant is organized under the laws of the state of Delaware with its principal place of business located at 150 Peabody Place, Memphis, Tennessee 38103.

7.    Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.    On or around May 5, 2020, Plaintiff contacted Defendant in order to obtain a price quote for Defendant's services.

10.    After speaking to Defendant's representative and receiving a price quote, Plaintiff informed Defendant that he was not interested in Defendant's service.

11.    Despite Plaintiff informing Defendant that he was not interested in its services, Plaintiff began receiving calls to his cellular phone, (417) XXX-2923, from Defendant.

12.    At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2923.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13.    At no time did Plaintiff consent to receiving calls from Defendant.

14.  Defendant has called Plaintiff mainly using the phone number (417) 841-5459, but upon belief, Defendant has used other phone numbers as well.

15.  Upon information and belief, the aforementioned phone number ending in -5459 is regularly utilized by Defendant during its marketing activity.

16.  Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

17.  Furthermore, in other answered calls from Defendant, Plaintiff is greeted by a pre-recorded message prompting him to press different keys in order to speak with a live representative.

18.  Due to the frequency of Defendant's calls, Plaintiff requested that Defendant cease calling his cellular phone.

19.  Defendant willfully ignored Plaintiff's demand and has continued placing systematic phone calls to Plaintiff's cellular phone up through the filing of this lawsuit.

20.  Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being notified to stop.

21.  Plaintiff has received not less than 23 phone calls from Defendant since asking it to stop calling.

22. Defendant's contacts were identified as being made for the purpose of marketing its services.

23. In addition to the overwhelming calls to Plaintiff's cellular phone, on or around June 12, 2020, Defendant sent Plaintiff an email. Defendant's email also marketed its different services, in spite of Plaintiff's lack of interest.

24.  Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in exhausting time and resources.

25.  Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies marketing telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## CLASS ACTION ALLEGATIONS

27.  Plaintiff brings this action on behalf of himself and others similarly situated against Defendant for its violations of the TCPA.

28.  Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following subclass, hereinafter referred to as the "Prerecorded Messages Class":

> All persons residing in the State of Missouri to whom Defendant placed marketing calls, to such persons' cellular phones, using prerecorded messages, absent prior express consent, within four years preceding the filing of this Class Action Complaint through the date of class certification.

29.  Plaintiff brings this action against Defendant, both on his own behalf and as a class action on behalf of the following subclass, hereinafter referred to as the "Automatic Telephone Dialing System Class":

> All persons residing in the State of Missouri to whom Defendant placing marketing calls, to such persons' cellular phones, using an automatic telephone dialing system, absent prior express consent, within four years preceding the filing of this Class Action Complaint through the date of class certification.

4

30. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

31. Upon information and belief, each respective Class outlined above consists of hundreds or more persons throughout the State of Missouri such that joinder of the respective Class members is impracticable.

32. There are questions of law and fact that are common to the respective Class members that relate to Defendant's violations of the TCPA, particularly because the questions of law and fact are based on a common course of conduct by Defendant as it relates to the respective Class members.

33. Plaintiff and the members of the respective Classes were harmed by the acts of Defendant in, *inter alia,* the following ways: Defendant illegally contacted Plaintiff and putative Class members via their cellular phones thereby causing Plaintiff and the respective Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and respective Class members.

34. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories and course of conduct and Plaintiff has no interests that are antagonistic to the interests of the respective Class members.

35. Plaintiff is an adequate representative of the respective Classes and has retained competent legal counsel experienced in class actions and complex litigation.

36. The questions of law and fact common to the Prerecorded Messages Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they

relate to the Prerecorded Messages Class include, but are not limited to: (i) whether Defendant utilized prerecorded or artificial voice technology when calling Plaintiff and putative Class members; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using prerecorded or artificial voice messages; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and putative Class members' cellular phones using prerecorded or artificial voice technology; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

37. The questions of law and fact common to the ATDS Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact as they relate to the ATDS Class include, but are not limited to: (i) whether Defendant's phone system used to place the calls to Plaintiff and putative Class members were made with a system constituting an automatic telephone dialing system under the TCPA; (ii) whether Defendant had the requisite prior express consent to contact Plaintiff and putative Class members using a system which constitutes an automatic telephone dialing system under the TCPA; (iii) whether Defendant violated the TCPA by placing unconsented calls to Plaintiff's and Class members' cellular phones utilizing an automatic telephone dialing system; and (iv) the type and amount of relief to which the Plaintiff and Class members are entitled.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each respective Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE PRERECORDED MESSAGES AND ATDS CLASSES

39.    Plaintiff repeats and realleges paragraphs 1 through 38 as though fully set forth herein.

40.    The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"), or prerecorded or artificial voice messages, without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41.    Defendant's use of prerecorded messages in its contacts made towards the Prerecorded Messages Class underscores that its conduct in relation to such Class is within the ambit of the TCPA.

42.    Defendant's contacts made towards the ATDS Class were made with a system defined by the TCPA as an ATDS. Defendant's use of an ATDS in relation to the respective Classes is evinced by the significant pause and dead air, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant. The fact several such phone calls would result in Defendant's representative failing to jump on to the line further evinces that Defendant's phone system has the capacity to perform the functions as an ATDS. Additionally, Defendant's contacts with Plaintiff despite his repeated requests that no such calls occur further evinces Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts point to the involvement of an ATDS. Thus, all of the above, *inter alia,* underscores that Defendant's system used to place phone calls to the ATDS Class constitutes an ATDS under the TCPA.

43.    Defendant violated the TCPA by placing repeated and persistent phone calls to Plaintiff's and the respective Class members' cellular phones using an ATDS and/or prerecorded messages absent prior express consent

7

44. The calls placed by Defendant to Plaintiff and the respective Class members were regarding marketing activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff and the respective Class members for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff and the respective Class members are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DAVID L. WILSON, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Certification of the respective Classes requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel for the respective Classes;

c. Awarding damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 22, 2020                    Respectfully submitted,

                                        s/ Nathan C. Volheim
                                        Nathan C. Volheim, Esq. #6302103
                                        *Counsel for Plaintiff*
                                        Sulaiman Law Group, Ltd.
                                        2500 South Highland Ave., Suite 200
                                        Lombard, Illinois 60148
                                        (630) 568-3056 (phone)
                                        (630) 575-8188 (fax)
                                        nvolheim@sulaimanlaw.com